

# THE ATTORNEY GENERAL
# OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Affirmed by V-1057

June 1, 1948

Hon. L. A. Woods
State Superintendent
Department of Education
Austin, Texas

Attn.: Hon. T. M. Trimble
First Assistant

Opinion No. V-591

Re: Eligibility of voters
residing in county-
line school districts
to vote for certain
county school trus-
tees.

Dear Sir:

We refer to your recent request made at the
instance of the County School Superintendent of Jim
Wells County for an opinion on the following submitted
facts:

San Diego Independent School Dis-
trict is a county-line consolidated in-
dependent school district; its boundaries
include area lying in Duvall County and
extends into Jim Wells County to include
area lying in said county; the school dis-
trict is under the jurisdiction and ad-
ministrative control of the Duval Coun-
ty School Board.

You request an opinion on the following sub-
mitted question:

"Whether qualified voters living in
Commissioner's Precinct No. 2, Jim Wells
County, Texas, and residing in voting pre-
cinct No. 6, Jim Wells County, Texas, but
residing within the San Diego Independent
School District (part of which extends in-
to Jim Wells County) may legally vote for
the Jim Wells County School Trustee for
Jim Wells County Commissioner's Precinct
No. 2; and for County Trustee at large
for Jim Wells County."

Presumably, the San Diego Consolidated Inde-
pendent School District was created in accordance with

Article 2742b, Sec. 5b, or Article 2742a, Sec. 5a, Vernon's Civil Statutes; and under the provisions of said laws, Duval County was designated the county having supervision of said consolidated districts. See also Articles 2743 and 2922d, V. C. S.

Section 8 of Article 2742b, provides:

"One County Trustee shall be elected from the County at large and one from each Commissioners's Precinct by the voters of the districts under the supervision of the County Trustees and no school district not under the supervision of such trustee shall participate in their election. (Acts 1927 41st Leg. 1st C.S., Chap. 84, p. 228, Emphasis added throughout this opinion).

Article 2745a, also providing for the election of county trustees by county-line school district voters, reads:

"At an election for county school trustees, all persons who are otherwise qualified to vote for county school trustees and who reside in a county line school district shall be entitled to vote for county school trustees of the county having management and control of such county line district, even though such voters reside in that portion of the county line district lying outside of the county having management and control of the county line district. (H.B. No. 566, Acts 1939, 46th Leg., R.S.)

Article 2676, as amended by Acts 1934, 43rd Leg., 2nd C.S., Chap. 48, Section 1, provides, in part, as follows:

"The general management and control of the public free schools and high schools in each county, unless otherwise provided by law shall be vested in five (5) county school trustees elected from the county, one of whom shall be elected from the county at large by the qualified voters of the common and consolidated independent school districts of the county, and one from each Commissioners' Precinct by the qualified voters of each Commis-

sioners' Precinct. . ."

It is readily seen that had it not been "otherwise provided by law" Article 2676 would have been applicable in the determination of what county board would have the general management and control of the public free schools and high schools in each county and the determination of the manner in which the county school trustees offices should be filled in an election held for that purpose.

It is, however, otherwise provided by law in Article 2742b, Sections 5a, 5b and Article 2743, that the general supervision and control of a county-line school district shall be in that county designated in the proceedings creating the county-line district.

Further, Section 8 of Article 2742b specifically provides (1) that only those voters "under the supervision of the county trustees" may vote for the trustee at large and a trustee from their Commissioners' Precinct, and (2) "no school district not under the supervision of such trustees shall participate in their election." Accordingly, the voters residing in that portion of the San Diego Independent School District which is in Jim Wells County and which is under the supervision and control of Duval County may not legally vote for the designated county school trustees of Jim Wells County.

However, Article 2745a authorizes all persons who are otherwise qualified to vote for county school trustees and who reside in a county-line school district "to vote for county school trustees of the county having management and control of such county-line district even though such voters reside in that portion of the county-line district lying outside of the county having management and control of the county-line district."

## SUMMARY

The qualified voters residing in that portion of the Consolidated San Diego Independent School district which is in Jim Wells County, which district is under the management and control of Duval County, may not legally vote for

the county school trustees of Jim Wells
County.  Article 2742b, Section 8, Ver-
non's Civil Statutes.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  *Chester F. Ollison*

Chester E. Ollison
Assistant

CEO:mw

APPROVED:

*Price Daniel*

ATTORNEY GENERAL